UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EDWARD GLUCK & JOHN CUNNINGHAM,<br>    *Plaintiffs*,<br><br>    *vs.*<br><br>WNIN TRI-STATE PUBLIC MEDIA, INC., *et al.*,<br>    *Defendants.* | )<br>)<br>)<br>)   2:12-cv-32-JMS-DKL<br>)<br>)<br>)<br>) |

### ORDER

Presently before the Court is Defendant WNIN Tri-State Public Media, Inc. ("WNIN"),[1] Defendant League of Women Voters of SWIN ("Local League"), Defendant League of Women Voters (national) ("National League"), and Defendant Pam Locker's ("Locker") (collectively "Defendants") motions to dismiss Plaintiffs' Complaint. [Dkts. 20; 23; and 29.]

### I.
### BACKGROUND[2]

Plaintiff John Cunningham was the Libertarian candidate for Indiana's 8th District Congressional seat in 2010. [Dkt. 1 at 2 and 4.] Plaintiff Edward Gluck was an interested party in Mr. Cunningham's campaign. [Dkt. 1 at 2 and 5.] Defendant WNIN is a non-commercial television station. [Dkts. 1 at 2 and 4; 21 at 5-6.] Defendant Local League is a private, not-for-profit entity. [Dkt. 1 at 2; 24 at 2.] Defendant National League is also a private, not-for-profit entity. [*Id.*] Defendant Locker was the president of the Local League at the time of the events in question. [Dkt. 1 at 2.]

---

[1] Although Defendant WNIN requested oral argument, the Court finds oral argument to be unecessary to resolve the pending motions. Accordingly, WNIN's request for oral argument is denied. [Dkt. 22.]

[2] This facts described herein contain all reasonable inferences in favor of the Plaintiffs as required by the standard of review on a motion to dismiss.

The Local League sponsored and scheduled a live televised debate between the Congressional candidates for Indiana's 8th District on October 26, 2010 ("the debate"), a week before Election Day. [Dkt. 21 at 2.] WNIN produced and broadcasted the debate. *Id.* Mr. Cunningham was not originally included in the scheduled debate; however, the Local League rewrote the debate contract to include him at his request. [Dkt. 1 at 4.] Another candidate refused to sign the contract as it was rewritten, and the Local League informed Mr. Cunningham that he would be excluded from the debate. [*Id.*] The National League informed Mr. Cunningham that the Local League's actions were against its rules but that the National League would not take action. [*Id.*] Mr. Cunningham attempted to attend the debate but was barred from entering WNIN's studio. [*Id.*]

On February 10, 2012, Mr. Gluck and Mr. Cunningham filed a Complaint against the Defendants. [Dkt. 1.] The Defendants filed various motions to dismiss, [dkts. 20; 23; 29], and in addition to joining a motion to dismiss, Ms. Locker filed a motion for summary judgment, [dkt. 26].[3] Neither Mr. Gluck nor Mr. Cunningham filed response briefs to any of the Defendants' motions.

---

[3] In support of their motions to dismiss, some of the defendants incorporate arguments advanced by other defendants. [*See, e.g.*, Dkt. 24 at 2 (brief by Ms. Locker and the Local League incorporating arguments from dkt. 21 at 3-10).] Because Mr. Gluck and Mr. Cunningham had an adequate opportunity to respond to all of the Defendants' motions, the Court can impugn the arguments made by any defendant to all of the defendants to the extent the arguments are equally effective at barring a claim. *See Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) (holding that where one defendant files a motion that is equally effective in barring the claim against the other defendants, the Court may *sua sponte* enter judgment in favor of the additional non-moving defendant if the plaintiff had an adequate opportunity to argue in opposition to the motion). Because the arguments regarding standing, exhaustion of administrative remedies, and failure to state a claim are equally effective at barring the claims against all of the Defendants, the Court applies those arguments to all Defendants. Because the claims against Ms. Locker are dismissed on those bases, the Court will not address the additional arguments she presented in her motion for summary judgment, which is denied as moot. [Dkt. 26.]

## II.
## STANDARD OF REVIEW

In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Federal Rules of Civil Procedure require only that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)). Nonetheless, "a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (synthesizing *Erickson* and *Twombly*). In that circumstance, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper. A motion filed under that rule asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. 544). For the purposes of that rule, the Court will ignore legally conclusory allegations. *Id*. at 1949-50 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."). The Court will, however, give the complaint the benefit of reasonable inferences from all non-conclusory allegations. *Id*.

Although the Court must assume the accuracy of the allegations in the plaintiff's complaint in determining the plausibility of an entitlement to relief, it is not required to accept legal conclusions without support from factual allegations. *Ashcroft*, 129 S. Ct. at 1950. When a defendant presents a motion to dismiss to a plaintiff for failure to state a claim, the plaintiff must

provide the Court with some legal basis to support his argument. *Cnty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 818 (7th Cir. 2006).

If a plaintiff fails to respond to a motion to dismiss, the Court may conclude that the plaintiff has waived his argument. *Bonte v. U.S. Bank, N.A.*, 624 F. 3d 461, 466 (7th Cir. 2010). Additionally, if the defendant presents plausible reasons why a complaint should be dismissed, the Court has no responsibility to conduct research on behalf of a plaintiff in order to discover whether the plaintiff could prevail against the defendant's plea for dismissal. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).

## III.
## DISCUSSION

Plaintiffs allege that their action arises out of federal election law and civil rights law. Defendants argue that Plaintiff lack standing to pursue their claims. Alternatively, Defendants argue that Plaintiffs' claimed violation of federal election law fails because they did not exhaust their administrative remedies. Defendants argue that Plaintiffs' civil rights claim fails because they did not allege a crucial element of that claim. The Court will address these arguments in turn.

**A. Standing**

Mr. Cunningham alleges that the Defendants violated his right to participate in the debate pursuant to federal election laws and his right of free speech. [Dkt. 1 at 3.] Mr. Gluck alleges that the Defendants violated his right to free speech because he was unable to comment on Mr. Cunningham's debate performance since Mr. Cunningham was excluded. [*Id.* at 5.]

The Defendants argue that Mr. Gluck and Mr. Cunningham's Complaint should be dismissed because they lack standing, as required by Article III of the United States Constitution, to pursue these claims because their alleged injuries are too hypothetical. [Dkts. 21; 24; and 30.]

Article III of the Constitution grants federal courts jurisdiction over "cases and controversies[,]" and the standing doctrine is the tool used to identify which cases and controversies the federal judicial process can appropriately resolve. *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990); *see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-76 (1982). A plaintiff seeking to invoke federal jurisdiction must first establish the required standing to sue before a federal court may consider the merits of the plaintiff's legal claim. *Id*. At a minimum, a plaintiff must establish the three elements of standing by showing that (1) they have suffered an injury-in-fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there is a casual connection between the injury and the conduct complained of; and (3) it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quotations omitted).

The plaintiff bears the burden of establishing that he meets the required elements of standing. *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996). The Court must accept all material allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor when reviewing a complaint for standing. *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003). The Court must determine whether the party invoking federal jurisdiction has a personal stake in the disposition of the dispute and whether the dispute directly affects the legal relations of the parties involved in the suit. *O'Sullivan v. City of Chi.*, 396 F.3d 843, 853 (7th Cir. 2005). At the pleading stage, general factual allegations of the plaintiff's injury resulting from a defendant's conduct may suffice. *Lujan*, 504 U.S. at 561. However, if standing is challenged in a motion to dismiss as a factual matter, the plaintiff must come forward with

competent proof that standing exits and that proof must be shown by a preponderance of the evidence. *Retired Chi. Police Assoc.*, 76 F.3d at 862.

### 1. Mr. Gluck

Mr. Gluck alleges that he was an interested person in the campaign of Mr. Cunningham and that the Defendants violated Mr. Gluck's First Amendment right of free speech because he was not able to comment on Mr. Cunningham's debate performance since Mr. Cunningham was not allowed to participate in the debate. [Dkt. 1 at 5.] Mr. Gluck provides no further details as to how he allegedly suffered injuries by not having the opportunity to comment.

The Defendants argue that Mr. Gluck lacks standing because any alleged injuries suffered by his inability to comment on Mr. Cunningham's debate are too abstract to be judicially cognizable. [Dkt. 21 at 4-5.] In other words, Defendants argue that Mr. Gluck's interests in this lawsuit are mere curiosity, making his injuries conjectural.

According to the minimum requirements set forth in *Lujan*, to have standing, Mr. Gluck must have an actual injury that is connected to the Defendants' conduct that is more than hypothetical and that can likely be redressed by a favorable decision of the Court. *Lujan*, 504 U.S. at 560-61. The Defendants have presented convincing reasons why Mr. Gluck lacks standing to pursue a claim regarding Mr. Cunningham's exclusion from the debate. Any injury Mr. Gluck sustained is purely hypothetical and not likely to be redressed by a favorable decision from this Court. Mr. Gluck was not a candidate and does not allege that he was precluded from attending the debate. In fact, Mr. Gluck does not allege that he was precluded from commenting on the debate or on Mr. Cunningham's candidacy in general, just that he didn't get to comment on it in the manner he anticipated at the debate. The Court concludes that this alleged injury is too conjectural to support Mr. Gluck's standing. Mr. Gluck has provided no response to the Defendants'

motion to dismiss for lack of standing, and the Court will not conduct Mr. Gluck's research for him to try to discover whether there might be something to say against Defendants' reasoning. *Kirksey*, 168 F.3d at 1041.

The Court concludes that Mr. Gluck has not met his burden to show that he has standing to pursue his claims against the Defendants. Accordingly, his claims are dismissed for lack of jurisdiction.[4]

### 2. Mr. Cunningham

Mr. Cunningham alleges that the Defendants violated a federal election law and his First Amendment right of freedom of speech by omitting him from the debate and further barring his attendance at the debate.[5] [Dkt. 1 at 4.]

Once more, the minimum requirements require that Mr. Cunningham must have an actual injury that is connected to the Defendants' conduct that is more than hypothetical and that can likely be redressed by a favorable decision of the Court. *Lujan*, 504 U.S. at 560-61. Mr. Cunningham has alleged that his omission from the debate denied him the "…privilege of being a federal candidate on the 8th district of Indiana ballot" and that the National League "…would not correct the injustice." [Dkt. 1 at 4-5.] Mr. Cunningham alleges that his exclusion was a "planned decision" of the Defendants furthered by the National League's failure to act. *Id.* Mr. Cunningham seeks monetary damages for his claim. [Dkt. 1 at 6.]

The Defendants collectively argue that Mr. Cunningham lacks standing because his alleged injuries are too attenuated to be connected with the actions of the Defendants. [Dkt. 21 at

---

[4] Even if the Court determined that Mr. Gluck had standing, his claims would be dismissed for the same reasons the Court dismisses Mr. Cunningham's claims, as detailed below.

[5] To the extent Mr. Cunningham seeks relief for injuries allegedly suffered by the democratic candidate and the media, [dkt. 1 at 6], he does not have standing to pursue claims on behalf of those non-parties, *Lujan*, 504 U.S. at 560-61.

5.] While the Court agrees with the Defendants that Mr. Cunningham is fighting an uphill battle to prove his claim, he has alleged that as a result of Defendants' actions he was not allowed to participate in the debate, despite being a candidate. The Court concludes that this alleged injury and the monetary relief that he seeks supports his standing to pursue his claim.

### B. Mr. Cunningham's Claims

The Defendants collectively argue that Mr. Cunningham's Complaint should be dismissed because he fails to state a claim upon which relief can be granted. [Dkts. 21; 24; and 30.] Specifically, Defendants' argue that Mr. Cunningham failed to exhaust his administrative remedies to pursue a violation of federal election law and failed to plead a cause of action under 42 U.S.C. § 1983. *Id*.

#### 1. Alleged Violation of Federal Election Law

Mr. Cunningham cites 11 C.F.R. § 110.13 of the Federal Election Commission's ("FEC") implementing regulations to support his claim that the Defendants violated federal election laws. [Dkt. 1 at 3.] That regulation provides that "staging organizations must use pre-established objective criteria to determine which candidates may participate in a debate" and that for general election debates, staging organizations "shall not use nomination by a particular political party as the sole objective criterion to determine whether to include a candidate in a debate." 11 C.F.R. § 110.13(c).

2 U.S.C. § 437g[6] of the Federal Election Campaign Act ("the Act") sets forth the administrative procedure a person must follow if he believes that there has been a violation of the Act. It provides that a person who believes that the Act has been violated should file a complaint with the FEC. 2 U.S.C. § 437g(a)(1). After reviewing the complaint and providing an opportunity for

---

[6] This provision is also known as 11 C.F.R. § 111.4.

a response, *id.*, the commissioners vote on whether they have "reason to believe" that a violation has occurred, 2 U.S.C. § 437g(a)(2). If four of the six commissioners find "reason to believe," the FEC begins an investigation. *Id.* But if no majority finds "reason to believe," the FEC dismisses the complaint, and the complainant may file a petition with the United States District Court for the District of Columbia. 2 U.S.C. § 437g(a)(8)(A).

The doctrine of administrative remedies provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *McKart v. United States*, 395 U.S. 185, 193 (1969) (internal quotation marks omitted); *see also Ester v. Principi*, 250 F.3d 1068, 1072 (7th Cir 2001) (holding that "strong policy considerations compel us toward [requiring requiring administrative process, including] the values of judicial economy, agency autonomy, accuracy, and the need for a well-developed record for review"). The doctrine's primary purpose is to avoid interruption of the administrative process because an administrative agency, like a trial court, is created for the purpose of applying a statute in the first instance and the courts should not interfere with that process until an agency has completed its actions. *McKart*, 395 U.S. at 193-94. Frequent and deliberate interruption of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures. *Id*. at 195. "[E]xhaustion means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (original emphasis).

Although Mr. Cunningham alleges that the Defendants violated 11 C.F.R. § 110.13, even giving his Complaint the benefit of reasonable inferences, he does not allege that he complied with the administrative remedies set forth by the Act. Nor does he make a facial challenge to the regulation or any portion of the Act. Moreover, even if he had filed a complaint with the FEC,

the Act provides that a petition for district court review should be filed "with the United States District Court for the District of Columbia," 2 U.S.C. § 437g(a)(8)(A), which is not this Court. Again, Mr. Cunningham did not respond to Defendants' motions to dismiss and the Court will not search for case law or an argument to defeat reasonable Defendants' contentions. Accordingly, the Court grants Defendants' motions to dismiss Mr. Cunningham's claim that Defendants violated 11 C.F.R. § 110.13.

### 2. 42 U.S.C. §1983 claim

Mr. Cunningham does not directly allege that he is bringing a suit under 42 U.S.C. § 1983. This is, however, clearly the basis for his second claim because he alleges violations of his First Amendment rights and actually titles his action "Civil Rights Complaint." [Dkt. 1 at 2.]

A cause of action may be brought under 42 U.S.C. § 1983 against "[e]very person who, under color of statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. §1983. A plaintiff bringing a cause of action under § 1983 must allege that a person was acting under the color of state law and that person deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010).

Even giving Mr. Cunningham's Complaint the benefit of all reasonable inferences, he does not allege that any of the Defendants in this action were state actors or acting under the color of state law when the alleged violations occurred. As previously detailed, Mr. Cunningham did not respond to Defendants' motions to dismiss, and the Court will not search for case law or

an argument to defeat Defendants' contention. Accordingly, the Court grants Defendants' motions to dismiss Mr. Cunningham's § 1983 claim.

### IV.
### CONCLUSION

For the reasons stated herein, the Court **GRANTS** the Defendants' motions to dismiss. [Dkts. 20; 23; 29.]  Accordingly, Mr. Gluck's claims are **DISMISSED** for lack of jurisdiction and Mr. Cunningham's claims are **DISMISSED WITH PREJUDICE**.  Defendant Locker's Motion for Summary Judgment is **DENIED AS MOOT**.  [Dkt. 26.]   The Court **DENIES** WNIN's Request for Oral Argument. [Dkt. 22.]  Judgment will issue by separate entry.

07/18/2012

_signature: Jane Magnus-Stinson_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via Mail:**

EDWARD J. GLUCK
628 Ash Street, Apt. 53
Terre Haute, IN 47804

JOHN CUNNINGHAM
1356 Tippecanoe St.
Terre Haute, IN 47807


**Distribution via ECF only:**

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
jblanton@zsws.com

Rebecca L. D. Gordon
ARNOLD & PORTER, LLP
Rebecca_Gordon@aporter.com

James D. Johnson

- 12 -

RUDOLPH FINE PORTER & JOHNSON
jdj@rfpj.com

James P. Joseph
ARNOLD & PORTER, LLP
James_Joseph@aporter.com

Stacy K. Newton
RUDOLPH FINE PORTER & JOHNSON
skn@rfpj.com

Kyle R Rudolph
RUDOLPH, FINE, PORTER & JOHNSON, LLP.
krr@rfpj.com